**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Nick Richards | Date: March 11, 2014 |
| Court Reporter: Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer: Nicole Peterson | |

**CASE NO.** 13-cr-00403-RM

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Patricia W. Davies |
| Plaintiff, | |
| v. | |
| 1. RONALD MARTIN, | Matthew Kyle Belcher |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION: 12:58 p.m.**
Appearances of counsel.  Defendant is present on bond.

Defendant entered his plea on November 14, 2013 to Counts 1 and 2 of the Information. The Court formally accepts the Plea Agreement at this hearing.

Discussion regarding Petition to Exempt Defendant From Statutory Disability Pursuant to 29 U.S.C. § 504(a) [Doc. No. 24, filed February 25, 2014].

**ORDERED:**   Petition to Exempt Defendant From Statutory Disability [24] is **DENIED** as stated on the record.

   The Court notes judgment in this matter will not be signed before March 25, 2014.

Counsel for the government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Discussion regarding Defendant's Motion for Variant Sentence Pursuant to 18 U.S.C. § 3553(A) [Doc. No. 20, filed January 17, 2014].

**ORDERED:** Defendant's Motion for Variant Sentence [20] is **GRANTED** as stated on the record.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ronald Martin, is hereby placed on probation for a term of **5 years**.

**ORDERED: Conditions** of Probation that:
- ( ) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- ( ) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are **WAIVED** because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED: Special Condition** of Probation that:
- ( ) Defendant shall participate in and successfully complete a program of testing and treatment for (drug/alcohol abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. (Defendant will be required to

|    |    |
|----|----|
| ( ) | pay the cost of treatment as directed by the probation officer. |
| ( ) | If defendant is deported, he shall not re-enter the United States illegally.  If defendant re-enters the United States legally, he is to report to the nearest U.S. Probation Office within 72 hours of his return. |
| ( ) | Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment. |
| ( ) | Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. |
| (**X**) | Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule. |
| ( ) | Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment. |
| ( ) | Defendant shall be placed on home detention for a period of  months, to commence within ten days of release from imprisonment.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer. |
| (**X**) | Pursuant to 18 U.S.C. § 3563(b)(2), it is ordered that the defendant make restitution to the applicable victims, in the amount of $30,388. |
| (**X**) | As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case. |

**ORDERED:** Defendant shall pay **$200** special assessment fee, to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** as follows:
  $30,338.00, to be divided as follows:
  1. $12,784.53 to Fidelity and Deposit Company of Maryland;
  2. $16,812.54 to The Travelers Insurance Company; and
  3. $740.93 to The Hartford insurance Company.

        The insurance companies shall be reimbursed with available restitution payments being divided equally.

**ORDERED:** The special assessment shall be due immediately. The balance of the monetary obligations shall be paid in monthly installments calculated as at least 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for restitution.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

**ORDERED**: Bond is continued.

**Court in recess: 1:47 p.m.**
**Total time: 00:49**
**Hearing concluded.**